UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

XIN YANG INTERNATIONAL IMPORT &
EXPORT (GUANGZHOU) CO. LTD.,

No. 23-cv-20418 (MEF)(AME)

        *Petitioner*,

OPINION and ORDER

    v.

AZAD INTERNATIONAL INC.,

        *Respondent*.

\*    \*    \*

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the allegations and procedural history of this case.

\*    \*    \*

The allegations here in a nutshell: during 2018, a Chinese company[1] agreed to ship some clothes to a United States-based company,[2] but was never paid[3] --- so the Chinese company kicked off an arbitration in China (as the parties' contracts apparently envisioned[4]), and ultimately won an award of more than $500,000.[5]

---

[1]  Xin Yang International Import & Export (Guangzhou) Co. Ltd.

[2]  Azad International Inc.

[3]  <u>See</u> Verified Petition to Confirm Arbitration Award ("Petition") (ECF 1) ¶¶ 2-4; Petition, Exhibit B ("Exhibit B") (ECF 1-3) at 4.

[4]  <u>See</u> Petition, Exhibit A (ECF 1-2).

[5]  <u>See</u> Petition ¶¶ 5-8; Exhibit B at 12-13.

The United States-based company did not appear at the Chinese arbitration.  See Exhibit B at 2.

                         *       *       *

In light of the above, the Chinese company filed a petition before this Court under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3 ("the New York Convention").[6]  See Petition ¶ 9.

The petition seeks to enforce the Chinese arbitration award. See id. ¶ 3.

From here, the Chinese company is called "the Petitioner" and the entity named in the petition is called "the Respondent."

                         *       *       *

The Respondent now moves to dismiss the petition under Federal Rule of Civil Procedure 12(b).  See Notice of Motion (ECF 20).[7]

The gist of the Respondent's argument: this is a case of fraud and mistaken identity.  See Respondent's Brief at 1.

The Respondent asserts that it "never entered into any agreements at all with Petitioner, never ordered or received any

---

[6]  The New York Convention "entered into force in the United States" in 1970.  Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc., 126 F.3d 15, 18 n.1 (2d Cir. 1997).  One of its core objectives: to "facilitate enforcement of foreign arbitral awards."  Int'l Council for Com. Arb., ICCA's Guide to the Interpretation of the 1958 New York Convention: A Handbook for Judges 7 (2d ed. 2024), https://cdn.arbitration-icca.org/s3fs-public/document/media_document/Judges%20Guide_English_Second%20edition_24%20Feb%202025.pdf.  As for how the New York Convention works, one especially helpful source is Albert Jan van den Berg, The New York Arbitration Convention of 1958 (1981).

[7]  The Respondent does not expressly indicate what type of motion it aims to make.  But the Respondent's legal papers refer to this as a "motion to dismiss."  See Notice of Motion; Text of Proposed Order (ECF 20-2); Brief in Support of Respondent's Motion to Dismiss the Petition ("Respondent's Brief") (ECF 20-3).  Therefore, the Court proceeds on the understanding that this is a Rule 12(b) motion to dismiss.

goods from Petitioner, and never transacted at all with Petitioner in the past." Id. at 1.

Per the Respondent, the Petitioner "apparently entered into [the relevant arrangements here] with someone pretending to be [the Respondent]." Id. at 2 (emphasis added).[8]

Bottom line: the Respondent denies that it has anything to do with this case.

This may or may not be borne out by the facts as they are developed here.

But for now, the Respondent's motion to dismiss cannot work.

The Third Circuit has held that a petition to confirm a New York Convention arbitration award is properly understood as a motion, not a pleading. See Jiangsu Beier Decoration Materials Co. v. Angle World LLC, 52 F.4th 554, 560 & n.17 (3d Cir. 2022); CPR Mgmt., S.A. v. Devon Park Bioventures, L.P., 19 F.4th 236, 242-43 (3d Cir. 2021); IFC Intercounsult, AG v. Safeguard Int'l Partners, LLC, 438 F.3d 298, 308-09 (3d Cir. 2006).

This means that a party that wishes to challenge a New York Convention petition to confirm an arbitration award cannot file a Rule 12(b) motion to dismiss. See, e.g., Jiangsu Beier, 52 F.4th at 562; Esso Expl. & Prod. Nigeria Ltd. v. Nigerian Nat'l Petrol. Corp., 40 F.4th 56, 72 (2d Cir. 2022); TermoRio S.A. E.S.P. v. Electranta S.P., 487 F.3d 928, 940 (D.C. Cir. 2007); Beijing Dayou Dingxin Inv. Mgmt. P'ship v. Wang, 758 F. Supp. 3d 680, 686-87 (N.D. Ohio 2024); see also Al-Qarqani v. Chevron Corp., 8 F.4th 1018, 1027 (9th Cir. 2021); Estate of Ke v. Yu, 105 F.4th 648, 655 (4th Cir. 2024).

---

[8] How could this have happened?  To get the clothes deal off the ground, the Respondent says the Petitioner corresponded with purported United States-based business contacts, who used email accounts with the domain name "azadinternationalinc.com." See Respondent's Brief at 3.  That domain name is all but identical to the Respondent's name --- Azad International Inc.  But, per the Respondent, it has never used the domain name. See id.  The implication: the entity the Petitioner was dealing with on the clothes deal was impersonating the Respondent --- but was not actually the Respondent.

Why?

Because a Rule 12(b) motion can be directed only at a "pleading," Fed. R. Civ. P. 12(b) (emphasis added),[9] and, as noted, a New York Convention petition does not count as a pleading.  Rather, a New York Convention petition is a motion -- and a Rule 12(b) motion cannot seek the dismissal of another motion.

In short, Rule 12(b) "does not apply" here.  See Jiangsu Beier, 52 F.4th at 562.[10]

The Respondent's Rule 12(b) motion to dismiss must therefore be denied.

*    *    *

The task now is to get to the merits.

It appears there may be factual disagreements between the parties.[11]

---

[9]  See also 5B Wright & Miller's Federal Practice & Procedure § 1347 (4th ed.).

[10]  To be sure, there are any number of purely legal issues that might be relevant in a New York Convention case.  (For example, a party might seek to resist federal court enforcement of a foreign arbitration award in light of the underlying contract's subject matter.  See New York Convention, art. V.)  That a Rule 12(b) motion is not available for addressing these sorts of legal arguments does not mean that there are not other ways to consider them.  Instead, it means that New York Convention legal arguments are to be raised and worked through in a relatively more informal way than Rule 12(b) envisions --- in "stripped-down" fashion, Estate of Ke, 105 F.4th at 655, and on a more "summary" basis.  CPR Mgmt., 19 F.4th at 244 (cleaned up).

[11]  There may be legal disagreements, too.  The main one seems to be based on the Petitioner's contention that the Respondent has in two ways forfeited its ability to resist enforcement of the 2021 Chinese arbitration award.  See Memorandum of Law in Opposition to Respondent's ECF 20 Motion to Dismiss and in Support of Petitioner's Cross-Motion to Confirm Arbitration Award ("Petitioner's Opposition") (ECF 23-1) at 5-7.  First, because the Respondent did not participate in the arbitration in China.  See id. at 5-6.  But an argument along those lines cannot hold up.  See Spineway SA v. Strategos Grp. LLC, 2025 WL

These are to be resolved under the New York Convention in a "summary" fashion, CPR Mgmt., 19 F.4th at 244 (cleaned up), with the Court moving quickly, but with an eye to its obligation to "independently assure itself that the parties consented to arbitrate the merits of their underlying dispute." Jiangsu Beier, 52 F.4th at 559.

That seems to depend on whether the Respondent was, in fact, one of "the parties," id., to the underlying events here, including the arbitration agreement.

Next steps in this case, including the possibility of some tightly-targeted discovery, shall take place under the supervision of the United States Magistrate Judge; if a factual hearing proves necessary, that will be scheduled by the United States Magistrate Judge.

IT IS on this 20th day of October, 2025, **SO ORDERED.**

_____
Michael E. Farbiarz, U.S.D.J.

---

842455, at *1 (3d Cir. Mar. 18, 2025) ("A party contending that 'it is not bound by an agreement to arbitrate' may 'simply abstain from participation' in the arbitration proceedings and then later object to the arbitration award."). And second, because "[the] Respondent has waited years to bring the matter to any court's attention." Petitioner's Opposition at 5. But in pressing this argument, the Petitioner needs to (but does not) meaningfully reckon with the fact that the Respondent raised its "mistaken identity" defense in its first filing in this case. See Brief in Support of Respondent's Motion for an Order Vacating Default Judgment and to Deny the Petition (ECF 9-1) at 1.